1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

LLOYD ALEXANDER PRICE,                    No. C-13-0103 TEH (PR)

9
                    Plaintiff,

10
            v.                            ORDER OF DISMISSAL WITH LEAVE
11                                        TO AMEND

SERGEANT MCDONALD, San Jose
12   Police Department Officer, #3274,

13
                    Defendant.

14   _____/

15

16                                I

17          Plaintiff Lloyd Alexander Price, an inmate at the Santa

18   Clara County Jail in San Jose, California, filed this pro se civil

19   rights action under 42 U.S.C. § 1983 alleging that Defendant San

20   Jose Police Sergeant McDonald violated his constitutional rights by

21   doctoring pictures, "adding stuff and all out lying," and then

22   charging him with a felony instead of a misdemeanor.[1]  Plaintiff

23   also alleges a state law claim of defamation of character.

24   Plaintiff seeks dismissal of the "bogus charges" and money damages

25   for his pain and suffering.  Plaintiff has also filed an application

26

27          _____

28          [1]Plaintiff originally filed this action in the Eastern District
     of California, which transferred the case to this District pursuant
     to the federal venue statute, 28 U.S.C. § 1391(b).

to proceed in forma pauperis. Doc. ##2 and 5.  That motion is GRANTED in a separate order, filed simultaneously.[2]  The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A and the Court DISMISSES WITH LEAVE TO AMEND the complaint for the reasons set forth below.

II

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pleadings filed by pro se litigants, however, must be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

---

[2]Plaintiff has also filed a letter requesting an extension of time to file a civil action against West Sacramento Police Officers. See Dkt. #6.  This letter likely was filed in the wrong case; this case addresses events that took place in San Jose, not Sacramento.

2

United States District Court

For the Northern District of California

III

The complaint has a fatal defect requiring its dismissal. The § 1983 claim for damages and dismissal of the charges is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  <u>See</u> <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 585 (9th Cir. 1995).

Generally, <u>Heck</u> bars claims challenging the validity of an arrest, prosecution or conviction.  <u>See</u> <u>Guerrero v. Gates</u>, 442 F.3d 697, 703 (9th Cir. 2006).  Specifically, <u>Heck</u> bars a 42 U.S.C. § 1983 action for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid unless the conviction or sentence first has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  <u>Heck</u>, 512 U.S. at 486-87.  When a prisoner seeks damages in a civil rights action, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  <u>Id.</u> at 487.

The rationale of <u>Heck</u> applies only if there is an existing conviction.  <u>Wallace v. Kato</u>, 549 U.S. 384, 393-94 (2007).  The contention that "an action which would impugn <u>an anticipated future conviction</u> cannot be brought until that conviction occurs and is set aside" goes "well beyond <u>Heck</u>."  <u>Id.</u> at 393 (emphasis in original). Nonetheless, if a plaintiff files a § 1983 claim "related to rulings

3

that will likely be made in a pending or anticipated criminal trial[], it is . . . in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."  Id. at 393-94.

In his complaint, Plaintiff alleges that improper charges have been filed against him, but he does not allege that he has been convicted pursuant to these charges.  If Plaintiff has been convicted, a decision in this case in his favor would imply the invalidity of that conviction because the alleged wrongful conduct of Sgt. McDonald caused him to be adjudicated for charges that he contends are false.  If the charges are determined to be false (which would be necessary for Plaintiff to prevail), the conviction necessarily would be invalidated.  Thus, if Plaintiff has been convicted, this case would be dismissed.  However, under Wallace, 549 U.S. at 393-94, if Plaintiff has not yet been convicted on the basis of the alleged wrongful charges, this case would be stayed until his criminal case is ended.

Therefore, this case will be dismissed with leave to amend for Plaintiff to allege in an amended complaint if he has been convicted or if his criminal case is still pending.

IV

Plaintiff also alleges a state law claim of defamation.  Because the § 1983 claim will be dismissed or stayed, the court declines to exercise supplemental jurisdiction over the defamation claim.  See 28 U.S.C. § 1367(c)(3).  The defamation claim is dismissed without prejudice to Plaintiff pursuing it in state court.

4

V

For the foregoing reasons, Plaintiff's Complaint is DISMISSED WITH LEAVE TO FILE A FIRST AMENDED COMPLAINT against Sgt. McDonald to add the allegations that the Court has noted above. The pleading must include the caption and civil case number used in this order and the words COURT ORDERED FIRST AMENDED COMPLAINT on the first page. Failure to file a proper First Amended Complaint within twenty-eight (28) days of the date of this order will result in the dismissal of this action.

Plaintiff is advised that the First Amended Complaint will supersede the original Complaint. Therefore, he must include the allegations from his original complaint in his First Amended Complaint. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) .

The defamation claim is dismissed without prejudice to filing in state court.

IT IS SO ORDERED.

DATED         03/18/2013

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.13\Price 13-0103-heck dismissal.wpd

5